UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and INTERSCOPE RECORDS, a California general partnership,<br><br>            Plaintiffs,<br><br>v.<br><br>LEE THURSTON<br><br>            Defendant. | CIVIL ACTION No. 04-30136-MAP<br><br>The Hon. Michael A. Ponsor |

## DECLARATION OF COLIN J. ZICK

I, COLIN J. ZICK, declare:

1. I am an attorney at law licensed to practice before the Courts of the Commonwealth of Massachusetts and this United States District Court. I am one of the attorneys for Plaintiffs in the above-captioned matter. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. On July 20, 2004, Plaintiffs filed the Complaint in this case against Defendant. Attached hereto as Exhibit A is a true and correct copy of the proof of service on file with the Court, reflecting that Defendant was served with the Summons and Complaint on July 22, 2004, by abode service.

3. More than 20 days have elapsed since the date on which service of the Summons and Complaint was effective.

4. Plaintiffs sent Defendant letters on two separate occasions urging Defendant to file a response and advising Defendant that Plaintiffs intended to seek a default judgment.

5. Plaintiffs granted Defendant an extension up to August 23, 2004 to respond to the Complaint. That extension has expired.

6. Defendant has failed to answer or otherwise respond to the Complaint, or serve a copy of any answer or other response upon Plaintiffs' attorneys of record.

7. The parties engaged in settlement discussions, and Plaintiffs were of the belief that on or about October 4, 2004, the parties had reached an agreement in principle as to settlement terms. Subsequently, however, Defendant has refused to execute the relevant settlement documents.

8. On December 15, 2004, Plaintiffs' California counsel sent a letter to Mr. Thurston reminding him of the agreed settlement terms and requesting a response from him in seven days. No response was received. On January 5, 2005, Plaintiffs' California counsel called the Defendant's residence and spoke with the Defendant's wife. The Defendant's wife stated that Mr. Thurston was not there and took counsel's telephone number. Plaintiffs' counsel has not received any call or other communication from Mr. Thurston since January 5, 2005.

9. I am informed and believe that Defendant is not an infant or incompetent person.

10. A search for Defendant's name was conducted in the U.S. Military Locator database of LexisNexis. That search revealed no evidence that Defendant is in the military service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of January 2005, at Boston.

_____
COLIN J. ZICK